UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH PAT CUVIELLO, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BELMONT, et al.,<br><br>Defendants. | Case No. 23-cv-00029-LB<br><br>**ORDER DENYING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER** |

# INTRODUCTION

On January 4, 2023, the plaintiff, who is representing himself, sued the City of Belmont and local officials after they suspended his volunteer invasive-plant removal program in November 2022, allegedly in retaliation for his criticism of the defendants and without due process, in violation of the U.S. Constitution. On February 23, 2023, he filed a temporary restraining order (TRO) and asked to resume removing the plants. The court denies the motion because the plaintiff has not shown exigent circumstances sufficient to justify an ex parte TRO.

# STATEMENT

The following allegations from the complaint show the timeline of the plaintiff's dispute (but do not reflect all facts alleged in the complaint).

The plaintiff and his wife are environmentalists and animal rights advocates.[1] Since 2018, they have been critical of the City of Belmont and its officials on their management of open-space preserves. They are critical of mountain bikers, who damage the park but are favored by city officials.[2] As part of their advocacy, the plaintiff and his wife submitted multiple California Public Records Act requests (including one in 2022 that resulted in a settlement of $56,000), submitted reports to city officials on environmental conditions of the park, attended open-space planning meetings, and organized against projects that would damage the park's ecosystem. The plaintiff and his wife both ran for city council against current elected officials but were not elected.[3]

In May 2020, the plaintiff and his wife founded a volunteer group, "Friends of Waterdog Open Space," dedicated to "protecting the ecological health of Belmont's open spaces." They removed invasive plant species, namely French broom [Genista monspessulana], from the Waterdog Open Space.[4] The group has spent 400 hours volunteering, including 370 by the plaintiff.[5] The plaintiff communicated with the City's Parks and Recreation Director Brigitte Shearer to confirm which plants the group could remove.[6]

In October 2022, the plaintiff emailed Director Shearer to inquire about "illegal cut-through" trails made by mountain bikers and confirm that Director Shearer agreed to the removal of Echium Candicans (another plant). On November 21, 2022, Director Shearer told the plaintiff to "hold off with any plant removal at this time," including French broom. Ms. Shearer did not respond to the plaintiff's request for an explanation.[7] On December 1 and 5, 2022, the plaintiff emailed Director Shearer, the City Attorney Scott Rennie, and the City Manager Afshin Oskoui to "inform[] them" that the suspension of the Friends of Waterdog volunteer program was a violation of the plaintiff's

---

[1] Am. Compl. – ECF No. 7 at 9 (¶¶ 31–32). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6–7 (¶ 22), 12 (¶¶ 42–44).

[3] *Id.* at 11 (¶¶ 40–41), 14 (¶ 50), 15 (¶ 55), 20–21 (¶ 74), 24 (¶¶ 83–84).

[4] *Id.* at 4–5 (¶ 16).

[5] Cuviello Decl. – ECF No. 22-3 at 2 (¶ 5).

[6] Email Chain, Ex. J to Cuviello Decl. – ECF No. 22-3 at 73.

[7] *Id.* at 72–73; Am. Compl. – ECF No. 7 at 8 (¶ 25).

ORDER – No. 23-cv-00029-LB                    2

1  "First Amendment free speech right and a violation of Belmont's General Plan."[8]

2  On January 4, 2023, the plaintiff sued the City of Belmont, City Manager Oskoui, and Director Shearer.[9] He amended his complaint on January 24, 2023, and claims that the suspension violated the First Amendment and was without due process.[10]

The plaintiff moved ex parte for a temporary restraining order on February 23, 2023.[11] The court held a hearing that day. All parties consented to magistrate jurisdiction.[12]

## LEGAL STANDARD

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary-injunction application. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 429 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that it is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standards for a temporary restraining order and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A movant must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 22–24. The

---

[8] Cuviello Decl. – ECF No. 22-3 at 7 (¶ 25); Email Chain, Ex. K to Cuviello Decl. – ECF No. 22-3 at 76–77; Am. Compl. – ECF No. 7 at 27 (¶ 92).

[9] Compl. – ECF No. 1 at 34–36 (¶¶ 119–126).

[10] Am. Compl. – ECF No. 7.

[11] Mot. – ECF No. 22.

[12] Consents. – ECF Nos. 11, 17.

irreparable injury must be both likely and immediate. *Id.* at 20–21. "[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Before *Winter*, the Ninth Circuit employed a "sliding scale" test that allowed a plaintiff to prove either "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). In this continuum, "the greater the relative hardship to [a movant], the less probability of success must be shown." *Id.* After *Winter*, the Ninth Circuit held that although the Supreme Court invalidated the sliding scale approach, the "serious questions" prong of the sliding scale survived so long as the movant satisfied the other elements for preliminary relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). Thus, a temporary restraining order or preliminary injunction may be appropriate when a movant raises "serious questions going to the merits" and the "balance of hardships tips sharply in the plaintiff's favor," provided that the other elements for relief also are satisfied. *Id.* at 1134–35.

## ANALYSIS

On this record, the plaintiff has not demonstrated that a sufficient exigency exists to justify imposition of a TRO. Demonstrating a likelihood of immediate and irreparable harm is the "single most important prerequisite for the issuance of a [TRO]." *BGC, Inc. v. Bryant*, No. 22-cv-04801-JSC, 2022 WL 6250772, at *2 (N.D. Cal. Sept. 23, 2022) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)).

The defendants suspended the plaintiff's plant-removal efforts in November 2022. The plaintiff did not file for a TRO until February 2023. His argument regarding the urgency of a TRO is that the "easiest and most effective time to remove French broom is when it is in bloom and before it seeds, approximately January to June," and that if removal is not done during bloom, the infestation will worsen.[13]

---

[13] Cuviello Decl. – ECF No. 22-3 at 9 (¶¶ 34–35).

ORDER – No. 23-cv-00029-LB     4

This exigency does not justify the "extraordinary remedy" of an ex parte TRO that would force the defendants to permit the plaintiff to continue his volunteer efforts. The bloom period lasts until June, and presumably plants can still be removed after the court holds a hearing after briefing. This is not irreparable injury.

## CONCLUSION

The court denies the motion for an ex parte TRO. At the hearing, the court set the following schedule: opposition due March 2, 2023, reply due March 6, 2023, and preliminary-injunction hearing set for March 9, 2023, at 9:30 a.m. This disposes of ECF No. 22.

**IT IS SO ORDERED.**

Dated: February 28, 2023

_____
LAUREL BEELER
United States Magistrate Judge